**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| XIU QIN XIE, | ) | Case No. ED CV 26-1510 FMO (PVC) |
| Petitioner, | ) | |
| v. | ) | **ORDER RE: PETITION FOR WRIT OF HABEAS CORPUS** |
| WARDEN OF THE ADELANTO DETENTION CENTER, et al., | ) | |
| Respondents. | ) | |

On March 31, 2026, Magistrate Judge Pedro V. Castillo ordered respondents to respond to Xiu Qin Xie's ("petitioner") Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Dkt. 1, "Petition"). (See Dkt. 4, Court's Order of March 31, 2026, at 2-3). On April 13, 2026, respondents responded, stating that they "are not presenting an opposition argument to the Petition[.]" (Dkt. 6, Answer at 2). Because respondents do not oppose the Petition, its merits are conceded. See Local Rule 7-12 ("The failure to file any required document, or the failure to file it within the deadline, may be deemed consent to the granting or denial of the motion."); see also Local Rule 7-9 (setting forth the requirements of opposition brief or statement of non-opposition). Accordingly, IT IS ORDERED THAT:

1. Petitioner's Petition for Writ of Habeas Corpus **(Document No. 1)** is **granted** as set forth in this Order.

2. Respondents shall release petitioner from immigration detention forthwith, and shall not impose any release restrictions (e.g., electronic monitoring) on petitioner that were not in place prior to petitioner's arrest or detention in this case unless deemed necessary at a future pre-deprivation bond hearing.

3. Respondents shall file with the court a Notice of Compliance within twenty-four (24) hours of releasing petitioner.

4. Respondents shall not re-detain petitioner without a proper finding that she has committed a violation of the conditions of release or parole. Nor shall respondents re-detain petitioner without providing petitioner with, at minimum, individualized notice describing the change in circumstances necessitating petitioner's arrest and/or detention, an opportunity to respond, a pre-deprivation bond hearing before an immigration judge, and an opportunity to be represented by counsel prior to deprivation of liberty when she is not yet subject to a final order of removal. Petitioner shall not be detained unless respondents demonstrate at the pre-deprivation hearing that petitioner is a flight risk or a danger to the community, and that there are no combination of conditions that will reasonably assure petitioner's appearance and/or the safety of any other person in the community. If petitioner is again placed into detention in this District following proceedings in this case, respondents shall not transfer or remove petitioner from this District unless executing a final order of removal issued against petitioner.

5. As to petitioner's request for an award of attorney's fees and costs, the court will consider an application under the Equal Access to Justice Act ("EAJA") requesting costs and reasonable attorney's fees that is filed within 30 days of entry of final judgment in this action. See, e.g., Rahimi v. Semaia, 2026 WL 246066, *3 (C.D. Cal. 2026) ("The Court will consider an application requesting costs and reasonable attorney's fees under the EAJA that is filed within 30 days of final judgment in this action.")..

6. Judgment shall be entered accordingly.

Dated this 20th day of April, 2026.

_____/s/_____

Fernando M. Olguin
United States District Judge