JS - 6

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| XIU QIN XIE,<br><br>    Petitioner,<br><br>  v.<br><br>WARDEN OF THE ADELANTO DETENTION CENTER, et al.,<br><br>    Respondents. | Case No. ED CV 26-1510 FMO (PVC)<br><br>**JUDGMENT** |

Pursuant to the Order Granting Petition for Writ of Habeas Corpus, filed contemporaneously with the filing of this Judgment, IT IS ADJUDGED THAT:

1. Respondents shall release petitioner from immigration detention forthwith, and shall not impose any release restrictions (e.g., electronic monitoring) on petitioner that were not in place prior to petitioner's arrest or detention in this case unless deemed necessary at a future pre-deprivation bond hearing.

2. Respondents shall not re-detain petitioner without a proper finding that she has committed a violation of the conditions of release or parole. Nor shall respondents re-detain petitioner without providing petitioner with, at minimum, individualized notice describing the change in circumstances necessitating petitioner's arrest and/or detention, an opportunity to respond, a pre-deprivation bond hearing before an immigration judge, and an opportunity to be represented by counsel prior to deprivation of liberty when she is not yet subject to a final order of removal.

Petitioner shall not be detained unless respondents demonstrate at the pre-deprivation hearing that petitioner is a flight risk or a danger to the community, and that there are no combination of conditions that will reasonably assure petitioner's appearance and/or the safety of any other person in the community.  If petitioner is again placed into detention in this District following proceedings in this case, respondents shall not transfer or remove petitioner from this District unless executing a final order of removal issued against petitioner.

    3.  The above-captioned action is dismissed without prejudice.

Dated this 20th day of April, 2026.


_____
/s/
Fernando M. Olguin
United States District Judge

2